UNITED STATES of America for the Use and Benefit of RUFUS A. WALKER & CO.

v.

The HOME INDEMNITY COMPANY.

Civ. A. No. SA–71–CA–256.

United States District Court,
W. D. Texas,
San Antonio Division.

Aug. 26, 1972.

Phillip E. Hamner, McGown, McClanahan and Hamner, San Antonio, Tex., for plaintiff.

Dayton G. Wiley, Wiley, Plunkett, Gibson & Allen, San Antonio, Tex., for defendant.

MEMORANDUM AND ORDER

JOHN H. WOOD, Jr., District Judge.

On the 2nd day of August, 1972, came the use plaintiff, Rufus A. Walker & Co., and defendant, The Home Indemnity Company, by their respective Attorneys of Record, and announced ready for trial, waiving a jury; and the Court having heard and considered the pleadings, the stipulations, evidence and arguments of counsel enters the following Memorandum and Order.

This is a Miller Act suit by Rufus A. Walker & Co., use plaintiff, against The Home Indemnity Company, Surety on the payment bond of Nichols Dynamics, Inc., the primary contractor. The account was liquidated, representing items of merchandise sold on account and items of equipment rented on account to Nichols in performance of the contract. The Government was covered by a Miller Act payment bond. The respective parties to this action have agreed prior to trial that the principal amount of Two Thousand Three Hundred Forty-Four and 58/100 Dollars ($2,344.58) is owed to the use plaintiff, Rufus A. Walker & Co., by the defendant, The Home Indemnity Company. The only issue remaining for determination by this Court is the matter of attorneys' fees. Accordingly, the Court finds that Rufus A. Walker & Co., use plaintiff herein, is entitled to recover reasonable attorneys' fee against The Home Indemnity Company. The award of attorneys' fee to Rufus A. Walker & Co. reflects a change in Texas law. The Texas Statute comparable to the Federal Miller Act is Article 5160, Texas Revised Civil Statutes. That Statute describes the rights of a claimant upon a payment bond given by a surety to secure the State of Texas in the construction of a public project. Prior to 1969, Article 5160 made no provision for a claimant's recovery of an attorneys' fee. Section b of Article 5160 was amended effective June 2, 1969 to permit the award of a reasonable attorneys' fee.

The Fifth Circuit Court of Appeals, in a pre-1969 decision, held that a Federal

Court must examine existing State policy, as may be expressed in comparable State legislation, in its determination to allow or disallow an attorneys' fee under the Miller Act. Transamerica Insurance Company v. Red Top Metal, Inc., 384 F. 2d 752 (5th Cir., 1967). Article 5160, Texas Revised Civil Statutes, is the Texas Statute comparable to the Miller Act. The amendment of Article 5160 sufficiently reflects a change in Texas public policy and, following the doctrine of the *Transamerica* case, supra, a Miller Act claimant whose claim originates in the State of Texas may be awarded a reasonable attorneys' fee.

It is, therefore, ordered, adjudged and decreed that Rufus A. Walker & Co., use plaintiff, do have and recover of and from The Home Indemnity Company the amount of Two Thousand Three Hundred Forty-Four and 58/100 Dollars ($2,344.58), attorneys' fees in the amount of Eight Hundred and no/100 Dollars ($800.00) plus interest in the amount of Eighty-Seven and 87/100 Dollars ($87.87) and costs of suit, for all of which Rufus A. Walker & Co. may have its execution.